STATE *v.* ELLIS.

[73 South. 565, Division B.]

FORGERY. *Indictment. Sufficiency. Statute.*

Under Code 1906, section 1187, providing that any one who with intent to defraud, forges or counterfeits any instrument in writing, purporting to be the act of another by which any pecuniary demand shall be or purport to be created, by which any person may be injured in his personal property, shall be guilty of a felony, an indictment charging that defendant falsely and feloniously forged and counterfeited a check as set out in the opinion of the court, was good against demurrer.

APPEAL from the circuit court of Holmes county.

HON. F. E. EVERETT, Judge.

T. Q. Ellis was indicted for forging a check. From judgment of the court sustaining a demurrer to the indictment, defendant appeals.

The facts are fully stated in the opinion of the court.

*Ross A. Collins,* Attorney-General, for the state.

*McBee & Gardner* and *Hill & White,* for appellee.

ETHRIDGE, J., delivered the opinion of the court.

The indictment in this case charged:

"That T. Q. Ellis, in said county, on the 14th day of September, A. D. 1915, did falsely and feloniously, make and forge and counterfeit a certain instrument in writing, commonly known as a check of the tenor, following:

"'West, Miss., 1/13, 1913. No. —.

"'West Banking & Trust Company:

"'Pay to my note or order $137.50, one hundred thirty-seven 50/100 dollar.

"'[Signed] J. J. Browning.

"'The above note by J. J. & S. J. Browning given in 1912.       T. Q. E.'

—the aforesaid note purporting then and there to be a certain note due the West Banking & Trust Company by said Brownings, with the felonious intent to defraud said J. J. Browning."

The second count charges that:

"T. Q. Ellis on the date aforesaid, in said county and within the jurisdiction of court, did falsely and feloniously make, forge, and counterfeit a certain instrument in writing in the form of a check of the tenor, following:

"'West, Miss., Jany. 14, 1913. No. —.

"'West Banking & Trust Company:

" 'Pay to note due bank or order $137.50, one hundred thirty-seven 50/100 dollars.

" 'Chy        J. J. Browning'

—the note aforesaid purporting to be a certain note due by said J. J. Browning to said West Banking & Trust Company which said note was then and there paid said West Banking & Trust Company as the said Ellis then and there well knew, with the felonious intent to injure and defraud said J. J. Browning.''

This indictment was demurred to, and demurrer sustained by the court, and the state appeals.

Section 1187, Code 1906, reads as follows:

''Every person who, with the intent to injure or defraud, shall falsely make, alter, forge, or counterfeit any instrument or writing being or purporting to be any process issued by any competent court, magistrate, or officer, or being or purporting to be any pleading or proceeding filed or entered in any court of law or equity, or being or purporting to be any certificate, order, or allowance by any competent court, board, or officer, or being, or purporting to be any license or authority authorized by any statute, or any instrument or writing being or purporting to be the act of another, by which any pecuniary demand or obligation shall be or purport to be created, increased, discharged, or diminished, or by which any right or property whatever shall be or purport to be transferred, conveyed, discharged, diminished, or in any manner affected, by which false making, forging, altering, or counterfeiting any person may be affected, bound, or in any way injured in his person or property, shall be guilty of forgery.''

We think the instruments uttered come within the provisions of the foregoing statute, and that the instrument alleged to be forged purported to be the act of J. J. Browning. The letters ''T. Q. E.'' do not purport on the face of the instrument to mean that J. J. Browning authorized some one else to sign his name. These

letters might be applied with equal propriety to the part purporting to be a memorandum, and they do not on their face carry any fixed meaning. Therefore the principles of the case of *People* v. *Bendit*, 111 Cal. 274, 43 Pac. 901, 31 L. R. A. 831, 52 Am. St. Rep. 186, do not apply to this case. We think the demurrer was improperly sustained, and the case is therefore reversed and remanded for further proceedings.

*Reversed and remanded.*